UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JACOB E. JOHNSON,

       *Petitioner-Appellant,*

v.

UNITED STATES PAROLE COMMISSION;
WARDEN, FEDERAL CORRECTIONAL
INSTITUTE, at Cumberland; BOBBY
SHEARIN,

       *Respondents-Appellees.*

No. 02-7007

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-02-776)

Submitted: November 7, 2002

Decided: December 4, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jacob E. Johnson, Appellant Pro Se. Thomas Michael DiBiagio,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland; Mythili Raman, OFFICE OF THE UNITED STATES
ATTORNEY, Greenbelt, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jacob E. Johnson appeals the district court's order denying relief on his petition under 28 U.S.C. § 2241 (2000). He claims the district court erred in its determination that Johnson had not been denied a timely hearing by the United States Parole Commission. He also claims that the district court erred in denying him an opportunity to file a "traverse" to the Government's responsive brief.

Johnson acknowledges that he has now received a hearing. Although the hearing took place shortly after the expiration of the period set forth in 18 U.S.C. § 4214 (2000) (repealed), there was no prejudice from the brief delay. Further, because Johnson's claims are plainly meritless, any error in failing to permit him to respond to the Government's response is harmless. Finally, to the extent Johnson claimed he was denied a revocation hearing, that claim is moot in light of the hearing held after the district court's order. *See Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986).

On appeal, Johnson assigns error to the Commission's revocation of his parole. This claim has not been presented to the district court; further, Johnson has not exhausted his administrative remedies. Therefore, the challenge to the revocation order is not properly before this court.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*